UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM J. DODSON, | ) | CASE NO. 5:20 CV 2632 |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| KILOLO KIJAKAZI, *Acting Comm'r of Soc. Sec.*, | ) | ORDER ADOPTING REPORT AND RECOMMENDATION |
| Defendant. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge David A. Ruiz. (ECF #19). On November 23, 2020, Plaintiff ("Mr. Dodson") filed his Complaint (ECF #1) challenging the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Commissioner"), denying his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423. Pursuant to Local Rule 72.2(b), the case was referred to Magistrate David A. Ruiz.

Mr. Dodson first filed for disability benefits on January 26, 2018, alleging that his disability started in October of 2015. (ECF #10). This application was denied and Mr. Dodson requested a hearing before an Administrative Law Judge ("ALJ"). This hearing commenced on October 4, 2019. The ALJ reviewed medical records, disability consultation evaluations, the opinions of State Agency physicians, and heard testimony from a qualified vocational expert ("VE"). The ALJ determined that Mr. Dodson had the following severe impairments: osteoarthritis of the left shoulder, peripheral arterial disease, arteriosclerotic cardiovascular disease, atherosclerosis of the native artery in the bilateral lower extremities with intermittent

1

claudication, status post-surgical correction, high cardiac calcium score, and chronic obstructive pulmonary disease. Based on the record and testimony, the ALJ also found that Mr. Dodson had residual functional capacity ("RFC") to perform sedentary work, subject to some physical limitations, and that he had acquired sufficient work skills from past employment that are transferable to other occupations with which he has the capacity to perform. As such, the ALJ determined on February 7, 2020 that Mr. Dodson was not disabled. (ECF #10).

Mr. Dodson argues that: (1) the ALJ discounted all the medical opinions in the record and instead relied on their own lay interpretation of the evidence to create a finding of RFC; (2) the ALJ had the responsibility to recontact medical sources after evidence of worsening conditions that post-dated State Agency opinions came to light; and, (3) that the skills considered by the ALJ are more appropriately classified as "aptitudes" and not transferable as learned skills to perform sedentary work. Magistrate Judge David Ruiz issued a Report and Recommendation on January 20, 2022, addressing these arguments in turn. (ECF # 19). He recommended that the Commissioner's final decision denying Mr. Dodson's application for disability benefits be AFFIRMED.

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation, the district court reviews the case de novo. This standard of review is provided by Fed R. Civ. P. 72(b)(3). It states, in pertinent part, that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that is properly objected to. The district judge may accept, reject, or modify the recommended disposition. . . ." Mr. Dodson timely filed objections in this matter. (ECF #20). Accordingly, this Court will review the Report and Recommendation de novo.

2

Mr. Dodson raises two objections to Magistrate Judge Ruiz's Report and Recommendation's on the grounds that neither the ALJ's determination of RFC, nor the inference that transferable skills were obtained from previous employment, are supported by substantial evidence. In response, Magistrate Judge Ruiz correctly asserts that a finding of RFC to perform sedentary work is consistent with the opinion of State Agency physician Dr. Trello and the opinion of consultative examiner Dr. Sioson, who opined that Mr. Dodson could lift or carry 20 pounds occasionally, 10 pounds frequently, and stand and sit for six hours each, as well as basic handling and manipulation. State Agency medical consultative opinions may constitute substantial evidence supporting an ALJ decision. *See, e.g., Lemke v. Comm'r of Soc. Sec.*, 380 Fed. App'x. 599, 601 (9th Cir. 2010); *Filus v. Astrue*, 694 F.3d 863 (7th Cir. 2012). As to Mr. Dodson's claim that the ALJ should have recontacted medical sources when new evidence showed a worsening condition, Magistrate Judge Ruiz correctly pointed out in his Report and Recommendation that the burden is on the Claimant, not the ALJ, to produce any evidence to support his claim of disability. *See King v. Berryhill*, No. 3:16 CV 1184, 2017 WL 1907265, at *18 (N.D. Ohio Mar. 23, 2017); *Brown v. Comm'r Soc. Sec.*, 602 Fed. App'x. 328, 331 (6th Cir. 2015); *Peterson v. Comm'r of Soc. Sec.*, No 1:16 CV 363, 2017 WL 343625, at *3 (W.D. Mich. Jan. 24, 2017). Therefore, the ALJ was not obligated to seek out additional information, and reliance on the entire medical record present at the hearing is proper.

Finally, regarding Mr. Dodson's last objection, Magistrate Judge Ruiz refers to the testimony of the VE which explicitly opined that Mr. Dodson would have acquired qualifying skills while owning and operating his business that would transfer to gainful sedentary jobs, such as communication, organization, multi-tasking, planning, and scheduling. Magistrate Judge Ruiz correctly asserts that such testimony from a VE establishes substantial evidence and that Mr.

Dodson's lay opinion that these qualities are "aptitudes" do not have bearing on the weight of the evidence.

The Court has carefully reviewed the Report and Recommendation, Mr. Dodson's objections, and the Defendant's response. Magistrate Judge Ruiz has correctly addressed objections raised by Mr. Dodson. As such, Mr. Dodson's objections are OVERRULED. Magistrate Judge Ruiz correctly determined that the ALJ's finding of residual functional capacity and the presence of transferable skills was supported by substantial evidence and that the ALJ considered all the medical evidence presented. Accordingly, the Report and Recommendation of Magistrate Judge David A. Ruiz (ECF #19) is ADOPTED. The final decision of the Commissioner is AFFIRMED, and judgment is entered in favor of Defendant.

IT IS SO ORDERED.

DONALD C. NUGENT
Senior United States District Judge

DATED: March 30, 2022